PROB 12C
(04/08)

June 6, 2014
pacts id:313798

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

United States Courts
Southern District of Texas
FILED
*March 22, 2019*

**Petition for Warrant or Summons for Offender Under Supervision**

David J. Bradley, Clerk of Court

**Name of Offender:** Jaime Arturo Laolino, Jr. (English)   **Dkt No.:** 13CR03911-001-JLS

**Reg. No.:** 45522-298

**4:19mj0486**

**Name of Sentencing Judicial Officer:** The Honorable Janis L. Sammartino, U.S. District Judge

**Original Offense:** 8 U.S.C. §§ 1324(a)(1)(A) & (v)(II), Attempted Transportation of Illegal Aliens and Aiding and Abetting, a class D felony

**Date of Sentence:** March 14, 2014

**Sentence:** Sixty days custody followed by three years' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** March 14, 2014

**Asst. U.S. Atty.:** Ryan A. Sausedo   **Defense Counsel:** Matthew W. Fleming
(Appointed)
(619) 234-8467

**Prior Violation History:** None.

## PETITIONING THE COURT

## TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)

Name of Offender: Jaime Arturo Laolino  
Docket No.: 13CR03911-001-JLS

June 6, 2014  
Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. *(nv1)* | 1. On or about May 15, 2014, Mr. Laolino possessed with intent to distribute methamphetamine, in violation of 21 U.S.C. §841(a)(1), as evidenced by the Oldham County Department of Public Safety, Texas Highway Patrol Division arrest report No. TX41SH0CBS11.<br><br>2. On or about May 15, 2014, Mr. Laolino possessed methamphetamine, in violation of Texas Health and Safety Code sections 481.115-118, as evidenced by the Oldham County Department of Public Safety, Texas Highway Patrol Division arrest report No. TX41SH0CBS11. |

***Grounds for Revocation:*** As to allegation 1, this officer received and reviewed the Oldham County Highway Patrol arrest report number TX41SH0CBS11, which confirms the following: on May 15, 2014, a Highway Patrol Officer, working routine traffic enforcement, observed a vehicle driving on a prohibited lane and initiated a traffic stop. The officer made contact with the driver, later identified as Jaime A. Laolino, who admitted having a criminal history. After consent to search of the vehicle was obtained, officers found two false compartments located under both front seats of the vehicle. The passenger's side compartment was empty but the driver's side compartment contained 14 bundles of methamphetamine weighting approximately 10 pounds (4,540 grams).

As of this writing, the offender is incarcerated in the Oldham County jail, Vegas, Texas, pending a grand jury hearing.

| **(Standard Condition)**<br>Not leave the judicial district without permission of the court or the probation officer. *(nv6)* | 3. On or before May 15, 2014, Mr. Laolino left the judicial district without permission of the Court or the Probation Officer, as evidenced by his arrest in Vega, Texas and the Highway Patrol arrest report No. TX41SH0CBS11. |

***Grounds for Revocation:*** As to allegation 4, Mr. Laolino did not have permission from the probation officer to travel outside of the Southern District of California. On May 15, 2014, the subject was arrested in Vega, Texas.

## VIOLATION SENTENCING SUMMARY

**SUPERVISION ADJUSTMENT**

On March 14, 2014, Mr. Laolino began his supervision term. Upon his release, he lived with a relative in San Diego, California for a couple of weeks, and subsequently established his own residence in Tijuana, B.C., Mexico.

During his two months on supervision, Mr. Laolino found employment and appeared to be in compliance; however, as alleged herein, on May 15, 2014, he was arrested in Vega, Texas and charged with a drug trafficking offense which involved a significant amount of methamphetamine. Given his new arrest, his supervision adjustment is poor.

**OFFENDER PERSONAL HISTORY/CHARACTERISTICS**

Mr. Laolino's has a prior 2013 drug related conviction that involved the importation and transportation of marijuana to the United States. It is noted that while under that term of county probation, Mr. Laolino committed the current federal offense.

As noted in the presentence report, Mr. Laolino's immediate family resides in the interior of Mexico and he reported a close relationship with them; however, the undersigned has not been able to confirm any of his reported personal information.

**SENTENCING OPTIONS**

**CUSTODY**

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

Mandatory Revocation: If it is determined that the offender has violated the conditions of supervised release by being in possession of a controlled substance, the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(1), and USSG §7B1.4, p.s., comment. (n.5).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** USSG §7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves possession with intent to distribute a controlled substance, which constitutes a Grade A violation. USSG §7B1.1(a)(1)(ii), p.s.

Upon a finding of a Grade A violation the court shall revoke supervised release. USSG § 7B1.3(a)(1), p.s.

A Grade A violation with a Criminal History Category II (determined at the time of sentencing) establishes an imprisonment range of 15 to 21 months. USSG § 7B1.4 (a)(1), p.s.

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG §7B1.3(f), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. §3583(h).

In this case, the court has the authority to reimpose a term of <u>36 months</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Mr. Laolino was arrested for a new law violation in Vega, Texas, while on supervised release in the underlying matter. He is pending adjudication in the new case, and is alleged to have possessed a large quantity of methamphetamine. A warrant can be lodged as a detainer as the offender is in custody on the new charges.

Case 3:19-cr-00486-S Document 51 Filed 06/32/19 PageID.167 Page 5 of 7 
Case 3:19-cr-00486-S Document 51 Filed 06/32/19 PageID.167 Page 5 of 8

PROB12(C)
Name of Offender: Jaime Arturo Laolino                                      June 6, 2014
Docket No.: 13CR03911-001-JLS                                                    Page 5

**RECOMMENDATION/JUSTIFICATION**

Mr. Laolino is a 23-year old male, who began his current supervision term two months ago. Aside from his new arrest, he appeared to be in compliance with his terms of supervision. However, based on his prior arrest while under supervision and the herein alleged new criminal activity, which involved a significant quantity of methamphetamine, it is evident he is not yet committed to remain law abiding.

If the allegations contained herein are sustained, it is respectfully recommended that supervision be revoked and Mr. Laolino be sentenced to 21 months custody to be imposed consecutive to any sentence he receives in the pending drug case in Texas. No further supervised release is recommended as he will likely receive a term if convicted in the new case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 6, 2014

Respectfully submitted:                                         Reviewed and approved:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by _____              _____
   Edna M. Arreola                                                   Lisa M. Coen
   U.S. Probation Officer                                            Supervising U.S. Probation Officer
   (619)409-5131

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Laolino, Jaime Arturo

2. **Docket No. (Year-Sequence-Defendant No.):** 13CR03911-001-JLS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Possession with intent to distribute methamphetamine | A |
| Possession of methamphetamine | B |
| Leaving the Judicial District without permission from the Court or the Probation Officer | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [ A ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [ II ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))  [ 15 to 21 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   Restitution ($) _____    Community Confinement _____
   Fine($) _____            Home Detention _____
   Other _____              Intermittent Confinement _____

PROB12(C)
Name of Offender: Jaime Arturo Laolino
Docket No.: 13CR03911-001-JLS

June 6, 2014
Page 7

## THE COURT ORDERS:

✓ _____ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

(The Offender is currently incarcerated at Oldham County Jail, Vega, Texas)

_____ THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON AT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____

_Janis L. Sammartino_        6/11/14
The Honorable Janis L. Sammartino      Date
U.S. District Judge

DM

AO 442

# United States District Court
### SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | WARRANT FOR ARREST |
|---|---|
| v. | 45522-298 |
| Jaime Arturo Laolino Jr. (1) | Case Number: 13-cr-03911-JLS |

**NOT FOR PUBLIC VIEW**

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _Jaime Arturo Laolino Jr. (1)_
                                                Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment  ☐ Information  ☐ Complaint  ☐ Order of Court  ☐ Violation Notice  ☒ Probation Violation Petition
                                                                                  ☐ Pretrial Violation

charging him or her with (brief description of offense):

In violation of Title __See Above__ United States Code, Section(s) _____

John Morrill                              Clerk of the Court
Name of Issuing Officer                   Title of Issuing Officer

s/ C. Lopez                               6/13/2014   San Diego, CA
Signature of Deputy                       Date and Location

Bail fixed at $ ____ No Bail        by    The Honorable Janis L. Sammartino
                                          Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

